**United States District Court**
For the Northern District of California

1

2

3

4

5    IN THE UNITED STATES DISTRICT COURT

     FOR THE NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5    UNISYS CORPORATION,

6                        Petitioner,          NO. C05-3378 TEH

7              v.                             ORDER GRANTING
                                             RESPONDENT ACCESS'
8    ACCESS CO., LTD.,                       MOTION TO TRANSFER
                                             VENUE UNDER 28 U.S.C.
9                        Respondent.         § 1404(a)

10

11

12          This matter came before the Court on Monday, October 24, 2005, on a motion to

13   transfer venue under 28 U.S.C. § 1404(a) filed by Respondent Unisys Corporation

14   ("Unisys").  After carefully considering the parties' written and oral arguments, the Court

15   now GRANTS the motion for the reasons set forth below.

16

17   **BACKGROUND**

18          ACCESS Co., Ltd. ("ACCESS") is a Japanese corporation that provides mobile

19   content and delivery of Internet access technologies.  Unisys is an information technology

20   services and solutions company with a principal place of business just outside Philadelphia,

21   Pennsylvania.  In December 2000, the parties entered into a license agreement

22   ("Agreement"), which contained an arbitration clause.

23          The parties' dispute arises out of a demand by Unisys for payment by ACCESS of

24   license fees allegedly owed under the Agreement.  In response, ACCESS brought suit in a

25   District Court in Tokyo, Japan ("Japan action"), alleging that Unisys' demand for payment

26   by ACCESS is in violation of the Japanese Antimonopoly Act.[1]  Unisys subsequently

27   _____

28          [1] The parties stipulated to suspending the Japan action until a final, non-appealable
     decision is reached in the U.S. action.

1  initiated arbitration in Philadelphia, pursuant to the Agreement's arbitration clause, seeking

2  damages for ACCESS' alleged breach of the Agreement.  On August 19, 2005, Unisys

3  initiated this action requesting an order compelling ACCESS to arbitrate the disputes set

4  forth in ACCESS' Japanese complaint, compelling ACCESS to dismiss its Japanese action,

5  and awarding Unisys its costs.

6

7  **LEGAL STANDARD**

8      Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in

9  the interest of justice, a district court may transfer any civil action to any other district or

10  division where it might have been brought."  28 U.S.C. § 1404(a).  To successfully move for

11  transfer under this section, the moving party must establish that the action could originally

12  have been brought in the district to which transfer is sought.  *Commodity Futures Trading*

13  *Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979).  The moving party also bears the

14  burden of "establishing that an action should be transferred."  *Los Angeles Memorial*

15  *Coliseum Comm'n  v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726

16  F.2d 1381 (9th Cir. 1984).

17      In ruling on a motion to transfer, a district court must consider each of the factors

18  enumerated in § 1404(a) – i.e., convenience of the parties, convenience of the witnesses, and

19  the interests of justice.  28 U.S.C. § 1404(a).  Other relevant factors include:  the plaintiff's

20  choice of forum; the local interest in the issue; the relative ease of access to evidence; the

21  availability of compulsory process for unwilling witnesses and the cost involved in securing

22  willing witnesses; and the practical issues that make a case easier or more difficult to try in a

23  given forum, such as familiarity of each forum with applicable law and the relative court

24  congestion in each forum.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834,

25  843 (9th Cir. 1986); *Royal Queentex Enterprises, Inc. v. Sara Lee Corp.*, No. C-99-4787

26  MJJ, 2000 U.S. Dist. LEXIS 10139, at *2 (N.D. Cal. Mar. 1, 2000).

27

28

*United States District Court*
For the Northern District of California

2

United States District Court

For the Northern District of California

1  **DISCUSSION**

2      Unisys and ACCESS do not dispute that this case could have been brought either here

3  or in a district court in Pennsylvania.  Thus, ACCESS' motion to transfer venue turns on

4  whether the Court finds it appropriate to transfer the case to Pennsylvania "[f]or the

5  convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

6      **1. Local Interest in the Action**

7      ACCESS argues that Unisys' choice of forum should be accorded only minimal

8  consideration because Unisys does not have its principal place of business in the Northern

9  District of California, the operative facts did not occur in the Northen District, and the

10  Northern District does not have a particular interest in the action.  *See Meyers v. Ciano*, No.

11  C 01-3955 TEH, 2002 U.S. Dist. LEXIS 2556, *8-9 (N.D. Cal. Feb. 12, 2002) (holding that a

12  plaintiff's choice of forum should only be afforded minimal consideration where "she is not a

13  resident of the district where she instituted suit, the operative facts have not occurred within

14  the forum, and the forum has no particular interest in the parties or the subject matter").

15      Unisys counters that the Northern District of California has an interest in this action

16  because it is the only district where ACCESS, a Japanese corporation, has a U.S. office.[2]

17  Furthermore, Unisys has two offices in this district, employs approximately 2,000 persons in

18  California and leases and/or owns substantial real and personal property in California.

19      It is true that both parties have a presence in this district.  However, ACCESS'

20  arguments as to the lack of connection between the parties' presence in this district and the

21  underlying dispute are persuasive.  Specifically, none of the events underlying Unisys'

22  petition to compel arbitration occurred in the Northen District of California and Unisys'

23  activities within this district are unrelated to the petition to compel arbitration.

24      This factor, therefore, weighs in favor of venue transfer.

25

26

27

28      [2] Additionally, ACCESS recently announced its agreement to purchase PalmSource, Inc., which is located within this district (Sunnyvale).

3

United States District Court

For the Northern District of California

1       **2. Plaintiff's Choice of Forum**

2       Generally, "[t]he defendant must make a strong showing of inconvenience to warrant

3 upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843.  ACCESS

4 disputes the degree of deference owed to Unisys' choice of forum and argues that Unisys'

5 choice is entitled to only "minimal consideration" because the operative facts have not

6 occurred within the forum, the forum has no interest in the parties or the subject matter, and

7 Unisys is forum shopping. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (holding that a

8 plaintiff's choice of forum "commands only minimal consideration where she is not a

9 resident of the district where she instituted suit, the operative facts have not occurred within

10 the forum, and the forum has no particular interest in the parties or the subject matter"); *see*

11 *also Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (finding that

12 courts should disregard the plaintiff's forum choice if the suit is a result of forum shopping).

13       For the following reasons, the Court agrees with ACCESS that the appropriate degree

14 of deference owed to Unisys' forum choice is minimal..  First, as noted above, none of the

15 facts underlying the dispute occurred in the Northern District of California.  Second, while it

16 is true that both parties have a presence within this district and this is the only U.S. district

17 where ACCESS has a presence, Unisys has failed to demonstrate that the forum has a

18 substantial interest in the parties or the subject matter.  Third, one could rationally infer that

19 Unisys was forum shopping based on (a) the inability of Unisys' counsel to provide a

20 persuasive reason for bringing suit in the Northern District of California, (b) the lack of

21 connection between the action and this district, (c) the delay in time between the filing of the

22 Japan action (September 22, 2004) and the petition to compel arbitration (August 19, 2005),

23 (d) the fact that Unisys rejected ACCESS' offer to stipulate to transfer this action to the

24 Eastern District of Pennsylvania even though Unisys and counsel are located in

25 Pennsylvania, and (e) the fact that the Ninth Circuit provides a more favorable rule of

26

27

28

4

United States District Court

For the Northern District of California

1  decision.[3] *See Reiffin v. Microsoft,* 104 F. Supp. 2d 48, 54 n.12 (D.D.C. 2000) (finding that a

2  plaintiff's choice of forum will be accorded little deference where it is apparent that plaintiff

3  is engaged in forum shopping, especially where the plaintiff is offered an equally convenient

4  forum); *see also Royal Queentex Enterprises v. Sara Lee Corp.*, 2000 U.S. Dist. LEXIS

5  10139, *10 (N.D. Cal. Mar. 1, 2000); *Italian Colors Rest. v. Am. Express Corp.*, No. C 03-

6  3719 SI, 2003 U.S. Dist. LEXIS 20338, at *11-12 (N.D. Cal. Nov. 7, 2003).

7       Accordingly, this factor weighs in favor of venue transfer.

8       **3. Convenience of the Parties**

9       In support of their argument that the Eastern District of Pennsylvania is a more

10 convenient forum than the Northern District of California, ACCESS primarily points to the

11 convenience of counsel.  However, "convenience of counsel is not a consideration" in

12 determining whether to transfer an action.  *E & J Gallo Winery v. F. & P. S.P.A.*, 899 F.

13 Supp. 465, 466 (N.D. Cal. 1994).

14      Unisys argues that despite the fact that counsel representing ACCESS and Unisys in

15 the Philadelphia arbitration are in New Jersey and Pennsylvania, respectively, all counsel of

16 record have been admitted *pro hac vice* by this Court and each party has retained counsel in

17 San Francisco.  Further, Unisys accepts any arguable inconvenience that might arise from its

18 choice of forum.  Accordingly, the Court should not give weight to ACCESS' arguments of

19 the inconvenience to Unisys, which brought suit in this district.

20      Given that ACCESS failed to identify any real inconvenience as a result of the current

21 venue and Unisys accepted any arguable inconvenience, this factor does not weigh strongly

22 in either party's favor.

23

24      [3]ACCESS points out that the Third Circuit's standard for enjoining foreign
    proceedings is more restrictive than the Ninth Circuit's standard.  The Fifth, Seventh, and
25 Ninth Circuits follow the liberal or lax standard by which a court "will issue an injunction
    where the policy in the enjoining forum is frustrated, the foreign proceeding would be
26 vexatious or would threaten a domestic court's in rem or quasi in rem jurisdiction or other
    equitable considerations, and finally, where allowing the foreign proceedings to continue
27 would result in delay." *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 160-61 (3d Cir. 2001).
    By contrast, the Second, Third, Sixth, and District of Columbia Circuits use a more
28 restrictive approach, rarely permitting injunctions against foreign proceedings.  *Id*.

United States District Court

For the Northern District of California

1

**4. Convenience of the Witnesses and Access to Evidence**

2 "To demonstrate an inconvenience to witnesses, the moving party must identify

3 relevant witnesses, state their location and describe their testimony and its relevance." *Sec.*

4 *& Exch. Comm'n v. Rose Fund, LLC*, No. C 03-04593 WHA, 2004 WL 2445242, at *3 (N.D.

5 Cal. Jan. 9, 2004); *see also Royal Queentex*, 2000 WL 246599 at *6. ACCESS was not able

6 to identify relevant witnesses and point to specific evidence because the parties stipulated

7 that no discovery will be required and "the U.S. Action can be resolved based only on the

8 papers submitted and oral argument by counsel, and without testimony by live witnesses."

9 Decl. of Jeffrey S. Dickey Ex. 4. Therefore, ACCESS' speculative arguments pursuant to the

10 Federal Arbitration Act with regard to a district court's powers "to enforce subpoenas,

11 compel attendance of witnesses, and punish non-compliant witnesses in arbitration

12 proceedings" are not relevant to this transfer analysis. Mot. to Transfer Venue at 6.

13 Since the parties stipulated that discovery and witnesses are not relevant to this case,

14 this factor does not weigh in favor of either party.

15

**5. Deference Owed to the Forum Selection Clause**

16 The license agreement states that, "[t]he validity and interpretation of this Agreement

17 shall be governed by Pennsylvania law without regard to conflict of laws principles. The

18 parties further consent to jurisdiction of the state and federal courts sitting in the

19 Commonwealth of Pennsylvania." Decl. of Jeffrey S. Dickey Ex. 2, ¶ 14(e). ACCESS

20 argues that it would be in line with the orderly and efficient administration of the underlying

21 arbitration, as well as the license agreement, to transfer this action to the Eastern District of

22 Pennsylvania. Unisys counters that since the forum selection clause is permissive, not

23 mandatory, it does not prohibit suit in this forum. Further, at oral argument, Unisys argued

24 that because the forum selection clause does not specify the Eastern District of Pennsylvania,

25 but rather merely Pennsylvania, a clear preference for the Eastern District of Pennsylvania is

26 not articulated.

27 Whether a forum selection clause is mandatory or permissive is a matter of contract

28 interpretation reviewed de novo. *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines*

6

United States District Court

For the Northern District of California

1   *Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995).  While the clause in this case is clearly

2   permissive, the parties disagree as to the weight that the Court should give the clause.

3   Unisys posits that absent language in the forum selection clause providing that the Eastern

4   District of Pennsylvania is the *exclusive* forum, the clause authorizes jurisdiction in the

5   Eastern District of Pennsylvania, but does not prohibit litigation elsewhere.  *See Hunt*

6   *Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (holding that a

7   forum selection clause that says nothing about exclusive jurisdiction is permissive rather than

8   mandatory).

9          ACCESS argues that, "although a permissive forum clause is entitled to less weight

10   than a mandatory one, the fact that both parties initially accepted the jurisdiction of the courts

11   of [a certain jurisdiction] must count.  A forum selection clause is determinative of the

12   convenience to the parties" and is entitled to "substantial consideration."  *MK Sys. v.*

13   *Schmidt*, No. 04 Civ. 8106 (RWS), 2005 U.S. Dist. LEXIS 3877, at *15 (S.D.N.Y. Mar. 16,

14   2005); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd. Cir. 1995) (giving substantial,

15   yet not dispositive, weight to "the parties' agreement as to the most proper forum").  Thus,

16   ACCESS argues that even though the forum selection clause is permissive, it should still be

17   given some deference.

18          The Court finds that, although the forum selection clause is permissive, the fact that

19   the parties contemplated Pennsylvania as a possible forum is entitled to "substantial

20   consideration" in this analysis.  *Id.* at 880.  Further, "[w]hile courts normally defer to a

21   plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already

22   freely contractually chosen an appropriate venue. . . . [Thus,] the plaintiffs bear the burden of

23   demonstrating why they should not be bound by their contractual choice of forum." *Jumara*

24   *v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995).  Here, after providing Unisys the

25   opportunity at oral argument to explain "why they should not be bound by their contractual

26   choice of forum," Unisys failed to provide the Court with a salient reason why deference to

27   the choice of forum in the forum selection clause is inappropriate.  Further, the Court does

28

7

United States District Court

For the Northern District of California

1  not give weight to Unisys' overly technical argument that a clear preference is not articulated

2  in the forum selection clause because it does not specify the Eastern District of Pennsylvania.

3      In light of all of the above, this factor weighs in favor of venue transfer.

4      **6. Choice of Law**

5      In its motion for preliminary injunction, Unisys argues that Pennsylvania law strongly

6  supports arbitration.  In response, ACCESS contends that the resolution of the petition to

7  compel arbitration *may* involve interpretation of Pennsylvania law and, therefore, a

8  Pennsylvania court should handle the case.  However, district courts regularly apply the law

9  of states other than the forum state, and this factor alone does not require the transfer of an

10  action pursuant to section 1404(a).  *See Noreiga v. Lever Bros. Co.*, 671 F. Supp. 991, 996

11  (S.D.N.Y. 1987); *Turrett Steel Corp v. Manuel Int'l Inc.*, 612 F. Supp. 387, 390 (W.D. Pa.

12  1985).

13      Because neither party pointed to any Pennsylvania law that necessarily applies to this

14  case, and because this factor does not, in any event, have dispositive weight, this factor does

15  not favor either party.

16      **7. Practical Issues in Trying a Case**

17      The action before this Court is related to the ongoing arbitration in Philadelphia,

18  Pennsylvania, and counsel handling the arbitration are in Philadelphia, Pennsylvania

19  (Unisys), and Westfield, New Jersey (ACCESS).  Thus, it appears logical that the current

20  action should also proceed in Pennsylvania.

21      Accordingly, this factor weighs in favor of venue transfer.

22      **8. Interests of Justice**

23          **a. Judicial Enforcement**

24      Unisys argues that if judicial enforcement becomes necessary, this district is the most

25  appropriate to compel ACCESS, which has a presence in this district but none in

26  Pennsylvania, to comply.  ACCESS counters that should Unisys obtain a favorable decision

27  in the arbitration in Pennsylvania, Unisys can seek confirmation of that award in any district.

28  9 U.S.C. § 207 ("[A]ny party to the arbitration may apply to any court having jurisdiction

8

1 under this chapter . . . for an order confirming the award as against any other party to the

2 arbitration.).

3        Since any favorable decision that necessitates enforcement can be confirmed in any

4 district, the Court does not give weight to Unisys' arguments that issues of enforcement

5 make transfer inequitable.

6                         **b. Preliminary Stage of Proceedings**

7        ACCESS also argues that transfer is appropriate because the Court is still at the

8 preliminary stage of the proceedings.  The fact that litigation has scarcely begun weighs in

9 favor of transferring the action. *Meyers*, 2002 U.S. Dist. LEXIS 2556, at \*10 (finding it was

10 within interests of justice to transfer the action because litigation had not progressed far).

11                         **c. Trial Efficiency**

12        At oral argument, Unisys argued that denying the motion to transfer would promote

13 efficiency.  Specifically, Unisys stated that the resources they expended in preparing the

14 motion for preliminary injunction would be wasted if the transfer is granted.  While it is true

15 that both parties expended resources in preparing for the motion for preliminary injunction,

16 the amount of resources expended was not inordinate and the Court does not find Unisys'

17 argument to be persuasive.

18        **9. Summary**

19        The Court finds that ACCESS has met its burden of demonstrating that transfer of

20 venue to the Eastern District of Pennsylvania is warranted.  In particular, ACCESS has

21 established that (1) there is a lack of local interest in the action and thus Unisys' choice of

22 forum should only be accorded minimal consideration; (2) the choice of forum in the parties'

23 forum selection clause is entitled to substantial consideration; (3) practical issues in trying

24 the case, including the ongoing arbitration in Philadelphia and the location of counsel trying

25 the case, weigh in favor of transfer; and (4) the fact that the case is still in the preliminary

26 stages of the proceedings weighs in favor of transfer.

27        The Court finds the lack of local interest in the action and the choice of forum in the

28 parties' forum selection clause to be the most persuasive factors supporting transfer of venue.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Namely, given the inability of Unisys' counsel to provide a persuasive reason for bringing

2  suit in the Northern District of California and their inability to explain why they should not

3  be bound by the forum selection clause, the Court finds transfer appropriate.

4

5  **CONCLUSION**

6  In short, for the reasons discussed above, ACCESS has met its burden of

7  demonstrating that transfer is warranted under the factors enumerated in § 1404(a).

8  Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

9  1. ACCESS' motion to transfer venue is GRANTED.  The Clerk shall close the file

10  and transfer this case to the Eastern District of Pennsylvania.

11  2. Unisys' motion for preliminary injunction is VACATED.  Unisys may renew its

12  motion in the Eastern District of Pennsylvania, if it so desires.

13

14  **IT IS SO ORDERED.**

15

16  Dated:   11/23/05

THELTON E. HENDERSON, JUDGE
17  UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28

10